**Annie M. LOHR, Appellant,**

v.

**Morris C. BISHOP et al., Appellees.**

**No. 14673.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 27, 1959.

Decided March 26, 1959.

Mr. L. J. H. Herwig, Washington, D. C., for appellant.

Mr. Samuel Intrater, Washington, D. C., with whom Mr. Albert Brick, Washington, D. C., was on the brief, for appellees Bishop, Marsalek, Trexler and Brick.

Before Mr. Justice BURTON, retired,* and WILBUR K. MILLER and BURGER, Circuit Judges.

PER CURIAM.

Morris C. Bishop bought a house at 1725 P Street, N.W., so that his sister, Cora B. Quin, might as his partner operate a rest home therein. Title was taken in Mrs. Quin's name by a deed duly recorded, and to protect himself Bishop took a conveyance back from her which he did not at first cause to be recorded.

In April, 1952, without her brother's authority, Mrs. Quin contracted to sell the property to Mrs. Lohr. Bishop sued to enjoin the sale and Mrs. Lohr, who had already moved in, intervened and sought specific performance. The action was settled by allowing title to pass to Mrs. Lohr, with the proceeds of the sale to go to Bishop. Thereupon an instalment purchase money second trust note, which Mrs. Lohr had given to Mrs. Quin as the consideration to her, was assigned to Bishop.

On October 17, 1955, Mrs. Lohr filed this suit for damages in the sum of $60,000 against Bishop, Mrs. Quin, Albert Brick, William J. Howder, Frank W. Marsalek and Carlton U. Trexler. Brick and Howder were respectively attorneys for Bishop and Mrs. Quin. Marsalek and Trexler were trustees under the second trust securing the note for $9,044.64 which she had given Mrs. Quin for her equity in the property, and which the latter had assigned to Bishop. She alleged she had been deceived and defrauded by false representations concerning the house and the title thereto. Bishop filed a counterclaim against her on the second trust note [1] and, after six months without answer, obtained an entry of default thereon.

The court having dismissed the complaint as to Brick, and Howder not being before the court, Mrs. Lohr's motion that the case be calendared for hearing against the remaining defendants only was granted.

When the case came on to be heard, the trial judge apparently had trouble in diagnosing the complaint as amended.[2] He asked Mrs. Lohr's attorney to state specifically the nature of her claims against the various defendants. Counsel responded that Mrs. Quin and Morris Bishop were sued for damages for misrepresentation, and that a claim for $350 was asserted against the trustees, Marsalek and Trexler.

The trial court dismissed without prejudice the action against Mrs. Quin, because she was a non-resident who had not been served with process. The action against Bishop was dismissed and he was given judgment on his counterclaim against Mrs. Lohr in the sum of $9,044.64, with interest from May 27, 1952. The claim against Marsalek and Trexler was certified to the Municipal Court. We hold this disposition of the case was correct.

Affirmed.

* Sitting by designation pursuant to § 294 (a), Title 28 U.S.Code.

1. Nothing has ever been paid on the note which was executed nearly seven years ago. Meanwhile, Mrs. Lohr has occupied the house.

2. Bishop had alleged the complaint was "lengthy, confusing, prolix and argumentative * * * and * * * so complex and confusing as to make it impossible for defendant to file pleadings in answer thereto." When dismissal on that ground was denied, Bishop answered.